UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re DICK'S SPORTING GOODS, INC. SECURITIES LITIGATION | )<br>)<br>) |
| | ) |
| This Document Relates To: | )<br>) |
| ALL ACTIONS. | )<br>)<br>) |

Civ. Action No. 2:24-cv-00196-JNR-KT

<u>CLASS ACTION</u>

**LEAD PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO EXPAND PAGE LIMITS TO 45 PAGES FOR DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

Lead Plaintiffs State of Rhode Island Office of the General Treasurer, on behalf of the Employees' Retirement System of the State of Rhode Island ("Rhode Island") and Western Pennsylvania Teamsters and Employers Pension Fund ("Western Pennsylvania Teamsters," together, "Lead Plaintiffs") respectfully submit this response to Defendants' motion for leave to file a brief in support of their Motion to Dismiss of up to 45 pages and a reply brief of up to 15 pages (the "Motion") (ECF No. 52).

The Court's Practices and Procedures limit the principal brief in support of a motion to no more than 20 pages unless otherwise ordered. *See* Practices and Procedures II(i). And the Court's brief-writing practice includes a preference for brevity, specifically noting: "**Brevity**. Be brief. If you are butting up against a page limit, then that presents an opportunity to revise." Judge Ranjan's brief-writing preferences, #3 (emphasis in original). Although Lead Plaintiffs believe Defendants'

motion to dismiss can be effectively briefed within the Court's customary 20-page limit, in the interest of resolving this issue without burdening the Court, Lead Plaintiffs offered to stipulate to a generous 40-page opening brief—double the limit set forth in the Court's Practices and Procedures.  Unfortunately, despite Lead Plaintiffs' efforts to reach a negotiated resolution, Defendants opted to burden the Court for an additional five pages.

Defendants fail to show good cause for such voluminous briefing.  Defendants point to the heightened pleading standards of the PSLRA and paragraphs of confidential witness allegations as a basis for ***more than doubling*** the page limit for their motion to dismiss, Motion ¶¶ 7-8, but these are typical features of securities class actions.  *See, e.g., Gideon Mark,* Confidential Witnesses in Securities Litigation, 36 J. Corp. L. 551, 554 (2011) (noting that the "PSLRA's strict pleading requirements" are why there is "almost universal reliance . . . on information provided by confidential witnesses").  Yet, even in such cases, defendants frequently file opening papers without the need for such oversized briefs.  *See, e.g., Martin v. GNC Holdings, Inc.*, No. 2:15-cv-01522, ECF 54 (W.D. Pa. May 5, 2016) (25-page motion to dismiss filed within the rules, where amended complaint contained 250 paragraphs and relied on former employee testimony); *In re Perion Network Ltd. Sec. Litig.*, No. 1:24-cv-02860, ECF Nos., 75-76 (S.D.N.Y. Nov. 4, 2024) (25 pages for complaint with 389 paragraphs, asserting claims under the Israeli Securities law in addition to claims under the U.S. Securities and Exchange Act).

Similarly, Defendants argue that the length of the Consolidated Class Action Complaint (ECF No. 51) (the "Complaint") requires dramatically extended briefing.  Motion ¶¶ 4, 6.  Yet courts regularly require more succinct briefing in cases with comparatively long, or even longer, complaints.  *See, e.g., Taylor v. Viatris Inc.*, No. 2:23-cv-00812, ECF Nos. 51, 53 (W.D. Pa. Nov. 3, 2023) (35 pages responding to 250 paragraphs); *Howard v. Arconic Inc.*, No. 2:17-cv-01057,

ECF Nos. 61, 70 (W.D. Pa. June 4, 2018) (40 pages responding to 323 paragraphs); *Martin v. GNC Holdings, Inc.*, No. 2:15-cv-01522, ECF 54 (W.D. Pa. May 5, 2016) (25 pages responding to 250 paragraphs); *In re Farfetch Ltd. Sec. Litig.*, No. 1:23-cv-10982, ECF Nos. 34, 44 (S.D.N.Y. Dec. 19, 2023) (35 pages for a complaint with 525 paragraphs); *In Re Norfolk Southern Corporation Bond/Note Securities Litigation*, No. 1:23-cv-04068 ECF Nos. 105, 109 (S.D.N.Y. May 16, 2023) (*rejecting* parties' joint stipulation for 35 pages to respond to 329 paragraphs, granting 30 pages).

Defendants' comparison of the Complaint to the complaint in *In re Mylan N.V. Sec. Litig.* is misplaced. Motion ¶ 6 (citing *In re Mylan N.V. Sec. Litig.*, No. 2:20-cv-00955-JNR, ECF No. 39 (W.D. Pa. Nov. 13, 2020)). The *Mylan* complaint contained significantly more paragraphs: 350 paragraphs, compared with only 299 paragraphs here. *Compare In re Mylan N.V. Sec. Litig.*, No. 2:20-cv-00955-JNR, ECF No. 39 (W.D. Pa. Nov. 13, 2020) *with* ECF No. 51. And Defendants' focus on the page count is misleading because the Complaint here contains numerous photographs in §VII.A4, increasing the page count with significantly fewer allegations than the *Mylan* complaint.

Defendants' cases are inapposite. *See Holland v. RiteAid Corp. et al*, No. 2:23-cv-02962 (E.D. Pa.) (parties filed *joint motion* for agreed-upon page extension, where complaint named *7 individual defendants*, and contained *388 paragraphs*); *Paxton v. Provention Bio, Inc.*, No. 3:21-cv-11613-MAS-TJB, Case 2:24-cv-00196-NR-KT (D.N.J.) (plaintiff took *no position* on defendants' request); *In re EQT Corp. Sec. Litig.*, No. 2:19-cv-00754-RJC, (W.D. Pa.) (*17 defendants*, *9 causes of action*, *600 paragraphs*); *In re Dr. Reddy's Labs. Ltd. Sec. Litig.*, No. 3:17- cv-06436-DEA, (D.N.J.) (*joint stipulation*, 2 corporate defendants and 4 individual defendants, *449 paragraphs*); *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG, (D.N.J.) (*joint stipulation*, 1 corporate defendant, *12 individual defendants*, *20 bank*

*and underwriter defendants, 733 paragraphs*); *In re Wilmington Trust Sec. Litig.*, No. 1:10-cv-00990-ER-SRF, (D. Del.) (*unopposed,* 1 corporate defendant and *16 individual defendants,* with *439 paragraphs*); *In re Herley Indus., Inc., Sec. Litig.*, No. 2:06-cv-02596-JS, (E.D. Pa.) (*joint stipulation*, one corporate defendant and *five individual defendants*).

Accordingly, Lead Plaintiffs respectfully request that Defendants' Motion be denied because it fails to justify such a significant departure from the page limits set forth in the Court's Practices and Procedures.  To the extent the Court grants any page extension for the Defendants' opening brief, Lead Plaintiffs respectfully request the Court grant a commensurate extension to Lead Plaintiffs for their opposition.

Dated: December 3, 2024                                    Respectfully submitted,

| | |
|---|---|
| **POMERANTZ LLP** | **ROBBINS GELLER RUDMAN & DOWD LLP** |
| */s/ Emma Gilmore*<br>Jeremy A. Lieberman<br>Emma Gilmore<br>Villi Shteyn<br>600 Third Avenue<br>New York, New York 10016<br>Telephone: (212) 661-1100<br>Facsimile: (212) 661-8665<br>jalieberman@pomlaw.com<br>egilmore@pomlaw.com<br>vshteyn@pomlaw.com<br><br>*Counsel for Rhode Island and Lead Counsel for the Class*<br><br>**LAW OFFICE OF ALFRED G. YATES, JR., P.C.**<br><br>Alfred G. Yates, Jr. (PA17419)<br>Gerald L. Rutledge (PA62027)<br>1575 McFarland Road, Suite 305<br>Pittsburgh, Pennsylvania 15216<br>Telephone: 412-391-5164<br>Fax: 412-471-1033<br>yateslaw@aol.com<br><br>*Liaison Counsel for Rhode Island* | */s/ Darryl J. Alvarado*<br>Darryl J. Alvarado<br>T. Alex B. Folkerth<br>655 West Broadway, Suite 1900<br>San Diego, CA  92101<br>Telephone:  619/231-1058<br>619/231-7423 (fax)<br>dalvarado@rgrdlaw.com<br>afolkerth@rgdlaw.com<br><br>*Counsel for Western Pennsylvania Teamsters and Lead Counsel for the Class*<br><br>**SAXTON & STUMP**<br><br>Lawrence F. Stengel (P.A. Bar # 32809)<br>280 Granite Run Drive, Suite 300<br>Lancaster, PA 17601<br>Telephone: 717-556-1000<br>Fax: 717-441-3810<br>lfs@saxtonstump.com<br><br>*Liaison Counsel for Western Pennsylvania Teamsters* |